**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CESAREO HERNANDEZ-
RODRIQUEZ,

      Defendant-Appellant.

No. 99-8104
(Dist. of Wyoming)
(D.C. No. 98-CR-148-04-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cesareo Hernandez-Rodriquez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced Hernandez-Rodriquez to a term of imprisonment of seventy months. Counsel for Hernandez-Rodriquez has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating his belief that the appeal is frivolous and requesting leave to withdraw as counsel. Because this court agrees that the appeal is frivolous, we **grant** leave to withdraw and **affirm**.

In *Anders*, the Supreme Court held that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. In so doing, counsel must submit to both the court and his client a brief referring to anything in the record which could arguably support the appeal; the client may raise any additional points he chooses. This court will then undertake an examination of the entire record to determine whether the appeal is in fact frivolous. If this court so decides, we may grant counsel's request to withdraw and proceed to a decision on the merits. *See id.* at 744.

Hernandez-Rodriquez was indicted in the District of Wyoming on January 28, 1999, with conspiracy to possess with intent to distribute methamphetamine. Hernandez-Rodriquez eventually entered into plea negotiations with the government. As part of those plea negotiations, Hernandez-Rodriquez met with

representatives of the government on July 6, 1999. At the meeting, Hernandez-Rodriquez "proffered" certain information to the government.[1]

Prior to the commencement of the meeting, the prosecutor explained to Hernandez-Rodriquez that the government might be willing to move the district court for a reduction of his sentence if Hernandez-Rodriquez provided "substantial assistance" to the government within the meaning of United States Sentencing Guideline § 5K1.1. Based on such a motion, the district court could depart downward from the otherwise applicable guideline range. The prosecutor, however, did not promise to file such a motion, but only indicated that he would consider filing such the motion after he heard what Hernandez-Rodriquez had to say at the meeting. Despite this lack of assurance, Hernandez-Rodriquez went ahead with the meeting.

Subsequent to the proffer meeting, Hernandez-Rodriquez's counsel contacted the prosecutor and asked whether the government would file a motion under § 5K1.1. The prosecutor stated that he believed Hernandez-Rodriquez had

---

[1]Apparently, Hernandez-Rodriquez was born and lived much of his life in Mexico. Hernandez-Rodriquez speaks and understands English, but not very well. Prior to this meeting, Hernandez-Rodriquez's counsel informed the prosecutor that a Spanish speaking interpreter should be present for the meeting. When Hernandez-Rodriquez and his attorney arrived at the meeting, however, no interpreter was present. Although the prosecutor apologized for his error and offered to reschedule the meeting, Hernandez-Rodriquez decided, after discussing the issue with his attorney, to proceed with the meeting despite the lack of an interpreter.

not been fully forthcoming in the proffer meeting regarding his knowledge of his co-conspirators' involvement in the charged conspiracy. Therefore, the prosecutor stated that he did not believe that Hernandez-Rodriquez had rendered substantial assistance to the government.

After this discussion, the government sent Hernandez-Rodriquez a proposed plea agreement. The plea agreement was completely silent as to the question of whether the government would file a motion under § 5K1.1. Hernandez-Rodriquez signed the plea agreement nonetheless. On August 23, 1999, the signed plea Agreement was filed with the district court. That same day, Hernandez-Rodriquez appeared before the district court and changed his plea from not guilty to guilty. A Spanish interpreter was present at the change of plea hearing and interpreted the proceedings for the benefit of the Hernandez-Rodriquez and the court. At the change of plea hearing, the district court asked Hernandez-Rodriquez if he had knowingly and voluntarily signed the plea agreement; Hernandez-Rodriquez responded in the affirmative. The district court also asked Hernandez-Rodriquez if the plea agreement contained all of the terms of the agreement between himself and the government; Hernandez-Rodriquez again responded in the affirmative

After the change of plea hearing, a presentence report ("PSR") was prepared for Hernandez-Rodriquez. The PSR did not make mention of the issue

of substantial assistance. Although Hernandez-Rodriquez's counsel did not object to the PSR, he did send a letter to the probation officer stating that the government and Hernandez-Rodriquez had discussed the issue of substantial assistance and that the PSR should bring the issue to the court's attention for sentencing purposes. On October 19, 1999, the probation officer filed an addendum to the PSR noting Hernandez-Rodriquez's position that he and the government had discussed the issue of substantial assistance.

The district court sentenced Hernandez-Rodriquez on November 16, 1999. The sentencing hearing was also interpreted by a Spanish speaking interpreter. At the hearing, Hernandez-Rodriquez's discussed the issue of substantial assistance with the district court. Counsel informed the district court that he had also discussed the issue extensively with Hernandez-Rodriquez. In response to these discussions, the court asked Hernandez-Rodriquez if he had any desire to withdraw his guilty plea and to go to trial in his case. Hernandez-Rodriquez indicated that he did not wish to withdraw his guilty plea. The district court thereafter sentenced Hernandez-Rodriquez a term of seventy months, a term at the low end of the sentencing guideline range. That sentencing range was based in part on a three-point reduction in the base offense level based on Hernandez-Rodriquez's acceptance of responsibility and a further two-point reduction in the base offense level under the safety valve provisions of the sentencing guidelines.

In his *Anders* brief, counsel notes that Hernandez-Rodriquez insists on raising the following issues on appeal: (1) did the government break its promise to Hernandez-Rodriquez to file a motion under § 5K1.1; and, if so, (2) is Hernandez-Rodriquez entitled to withdraw his guilty plea or be resentenced at a lower guideline level because of the breach. Pursuant to *Anders*, Hernandez-Rodriquez was provided a copy of counsel's *Anders* brief and notified of his right to file a responsive *pro se* brief. He has chosen not to respond.

As should be singularly clear from the extensive factual recitation set forth above, Hernandez-Rodriquez's allegations that the government breached a promise to file a § 5K1.1 motion is utterly lacking in record support and is wholly frivolous. Even assuming there was some confusion about the government's obligations at the time of the proffer meeting, a generous assumption indeed, the government unequivocally indicated after the meeting that it would not file a § 5K1.1 motion because it did not believe Hernandez-Rodriquez had provided substantial assistance. True to its word, the plea agreement ultimately extended by the government did not include any requirement that the government file such a motion. At the plea hearing, in open court, Hernandez-Rodriquez specifically recognized and affirmed that the written plea agreement contained all of the obligations of the parties and that there were no other agreements between himself and the government. Such sworn declarations carry with them a

presumption of truth; subsequent conclusory and contradictory statements are subject to summary rejection. *See Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996). Furthermore, despite specific discussion of the question during the sentencing hearing, Hernandez-Rodriquez refused the district court's offer to withdraw the plea and proceed to trial. Thus, after a searching review of the entire record in this case, this court concludes there exists no basis whatsoever to believe that an agreement to file a § 5K1.1 motion on Hernandez-Rodriquez's behalf was ever part of the plea agreement.

For all those reasons set out above, counsel's motion to withdraw pursuant to *Anders* is hereby **GRANTED**. The judgment of conviction entered and sentence imposed by the United States District Court for the District of Wyoming pursuant to Hernandez-Rodriquez's guilty plea are both hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge